UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOANN D. PARSELL,**

    **Plaintiff,**

v.                                   **CASE No.: 8:05-cv-581-T-MSS**

**JO ANNE B. BARNHART**
**Commissioner of Social Security,**

    **Defendant.**
_____/

**ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability and disability insurance benefits.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record and the pleadings and memoranda submitted by the parties in this case.

**I.      Background**

    **A.      Procedural History**

Plaintiff filed applications for disability and disability insurance benefits on November 8, 2001. (T. 12)  Plaintiff alleged an onset of disability on July 14, 2000, due to diffuse arthralgia, chronic foot pain, mild carpal tunnel syndrome with chronic

C6-7 changes on the right and mildly reduced range of hip and knee motion. (T. 12) Plaintiff requested a hearing, which was held on October 7, 2003, before ALJ Victor L. Cruz. (T. 9-17A) In a decision dated January 22, 2004, the ALJ denied Plaintiff's claims for benefits. (T. 9-17A) The Appeals Council denied review of the decision on February 2, 2005. (T. 3-6) This action for judicial review ensued.

### B.     Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision. In summary, Plaintiff complained of diffuse arthralgia, a history of foot pain on weight bearing secondary to heel spurs and ingrown toenails, mild carpal tunnel syndrome with chronic C6-7 changes on the right and mildly reduced range of hip and knee motion. (T. 14)

At the hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians. (T. 14) After considering the evidence, the ALJ found that Plaintiff's impairments were severe within the meaning of the Act and Regulations. (T. 14) However, Plaintiff did not have an impairment or combination of impairments listed in Appendix 1, Subpart P of Social Security Regulations No. 4 or medically equal to the listed impairments because "none of the treating or examining physicians of record reported any of the necessary clinical, laboratory, or radiographic findings specified therein." (T. 14)

The ALJ found Plaintiff's subjective complaints of pain were not fully persuasive. (T. 16) The ALJ determined that Plaintiff could push, pull, lift or carry ten pounds occasionally and less than ten pounds frequently; sit for six hours of an

eight-hour workday and walk for at least two hours of an eight-hour work day. (T. 16) The ALJ elicited the testimony of the Vocational Expert (the "VE") and determined that Plaintiff's limited residual functional capacity ("RFC") did not prevent Plaintiff from performing her past relevant work as an appointment clerk or a phone solicitation clerk. (T. 16) The ALJ therefore concluded Plaintiff was not disabled under the Act. (T. 17)

Plaintiff contends that the decision of the ALJ must be reversed and remanded for further hearing for the following reasons: 1) the ALJ erred in not considering all the evidence of record and in not stating what weight was accorded to all of the evidence of record; 2) the ALJ erred when he failed to consider all impairments, singularly and in combination, including the non-exertional impairments; and, 3) the Appeals Council erred by refusing to consider new evidence submitted to it and by denying review for consideration of new and material evidence.

For the reasons that follow, the Undersigned **REVERSES** and **REMANDS** the decision of the Commissioner for further clarification and consideration.

## II.     Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its

judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law de novo. See David v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1990).

### III. Discussion

#### A. WHETHER THE ALJ FAILED TO CONSIDER ALL OF THE EVIDENCE OF RECORD AND STATE WHAT WEIGHT IT WAS ACCORDED.

Plaintiff first contends that the ALJ erred in not considering all of the evidence of record and in not stating what weight was accorded to all of the evidence of record. (Pl. Br. at 3; 15) Specifically, Plaintiff argues that the ALJ did not consider or state the weight he accorded to the opinions of three treating physicians. (Pl. Br. at 15) The Plaintiff also argues that the ALJ did not consider exhibits 11F - 19F. (Pl. Br. at 17) Instead, the ALJ referenced and gave substantial weight to the findings of the State Agency reviewing physician. (T. 16)

The law is settled that an ALJ assessing medical evidence must "state with

4

particularity the weight he gave the different medical opinions and the reasons therefor." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Further, an ALJ cannot make a decision which focuses on one aspect of the evidence while disregarding other contrary evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

Although Plaintiff visited several doctors from 2000-2003, Plaintiff appears to consider Dr. Farrukh Zaidi, Dr. Agnes Idicula and Dr. Ann Marra to be her treating physicians.  Dr. Zaidi reported on November 27, 2001, that he had treated Plaintiff during the previous year for inflammatory arthritis of the right knee. (T. 152)  A few months before Plaintiff's November appointment, she reported puffiness in the right knee, occasionally radiating down the right leg and causing pain to the right foot. (T. 152) Plaintiff also experienced aches in her hands but did not suffer swelling at that time. (T. 150)  Dr. Zaidi continued to treat Plaintiff through September 2003, and he recorded swelling and tenderness in her hands, as well as a decreased range of motion in her cervical spine. (T. 282-87)

Plaintiff visited Dr. Idicula on November 30, 2001. (T. 189) Dr. Idicula catalogued pain, including increased tingling and numbing of the right hand. (T. 189) In 2002, Plaintiff visited a chiropractor, Dr. Marra, who diagnosed Plaintiff with bilateral carpal tunnel syndrome, right cubital tunnel, cervical radiculopathy, osteoarthritis and cervical spine degenerative disk disease. (T. 192-94) Although a chiropractor's opinion is not generally regarded with the same weight as that of a treating physician, Plaintiff points out that, once an acceptable medical source has

5

established that an impairment exists, evidence from other sources, including chiropractors, must be considered to determine the severity of the impairment. (Pl. Br. at 16; 20 C.F.R. §§ 404.1513(d)(1); 416.913(d)(1))  Here, there is no indication that the ALJ considered the chiropractor's opinion.

On April 11, 2002, an unidentified State Agency consultative examiner saw Plaintiff and completed an RFC assessment form ("Ex. 8F") indicating Plaintiff could perform sedentary work (T. 148), with no climbing (T. 143) and no exposure to hazardous machinery. (T. 145) That expert noted Plaintiff's limited range of motion of the spine, hips and knees. (T. 137)

A State Agency physician, Dr. Takach, reviewed the records and completed a report dated August 7, 2002 ("Ex. 10F"). (T.167)  He noted that Plaintiff had frequent right hand push-pull limitations (T. 161) and limited manipulation capacity. (T. 163) Dr. Takach found Plaintiff could do light work that did not include more than occasional postural activities, concentrated exposure to temperature extremes, or more than moderate exposure to hazardous machinery. (T. 161-64)  Dr. Takach found that Plaintiff had frequent limitations in the areas of fingering, feeling and handling. (T. 163)  According to 200.00(b) of S.S.R. 83-10, Appendix 2, "frequent" means occurring from one-third to two-thirds of the time.

In his written opinion, the ALJ mentioned briefly that Dr. Zaidi recommended conservative pain management with Celebrex but the ALJ did not state any of Dr. Zaidi's findings or what weight he afforded Dr. Zaidi's opinion. (T. 15) The ALJ's opinion did not reference Dr. Idicula or Dr. Marra.  Instead, the  ALJ gave Dr.

6

Takach's findings in Ex. 10F substantial weight, finding that they were "well supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with other substantial evidence." (T. 16)

While the ALJ accepted Dr. Takach's opinions about the push-pull limitations and the occasional postural activities, the ALJ's written opinion failed to mention the fine motor skill limitations Dr. Takach noted in the areas of fingering, feeling and handling. (T. 16) Additionally, the ALJ found that Plaintiff should be limited to sedentary work, whereas Dr. Takach reported that Plaintiff was limited to light work. (T. 17, 161) This finding appears to have been adopted from a different State Agency consultative examiner's report at Ex. 8F. (T. 148) The ALJ did not mention, cite or give credence to this report in his written opinion. In his written opinion, the ALJ contended that the VE opined that Plaintiff could do both her past relevant work and other sedentary jobs. (T. 16) However, the ALJ did not consider the VE's statement on cross-examination that Plaintiff's capacity for work could be further diminished if she were limited in her fingering, handling and manipulation.

In Spencer on behalf of Spencer v. Heckler, the Eleventh Circuit found that the reports of a reviewing physician taken alone were not entitled to substantial weight. 765 F.2d 1090, 1094 (11th Cir. 1985). Further, the Court held that an ALJ could not credit portions of a reviewing physician's report and then dismiss other portions of the same report. Id. (noting that it was insufficient for an ALJ to mention the medical evidence in the record generally without explaining what in the record supported the conclusion).

Upon a review of the record, the Court finds that, having found Dr. Takach's opinion to be entitled to substantial weight, the ALJ was required to incorporate Dr. Takach's findings into his opinion and his questions to the VE.   The ALJ afforded Dr. Takach's opinion substantial weight but did not mention what weight he afforded to the opinions of Drs. Zaidi, Idicula and Marra.  Then, after crediting Dr. Takach's opinion, the ALJ appears to have condensed or combined Dr. Takach's findings with that of the other State Agency consultative examiner in Ex. 8F. The ALJ cannot cherry-pick findings from among available reports.  Rather, he is required to state with specificity the weight given to the accepted opinion and offer explanations for rejecting any portions not so credited.

The ALJ's reliance on selected portions of Dr. Takach's opinion also caused the ALJ to ask an incomplete hypothetical to the VE.  An ALJ must ask the VE a hypothetical question that encompasses all of a claimant's impairments.  Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).  When the hypothetical does not comprehensively include a claimant's impairments, the VE's testimony is not entitled to substantial weight.  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Fitts v. Massanari, 2001 WL 530475 at *2 (S.D. Ala. May 7, 2001).

At the hearing, the ALJ asked the VE to assume that Plaintiff: (1) could not constantly push or pull with the right arm or do repetitive fingering; (2) could only occasionally perform postural activities; (3) should avoid moving machinery or heights; and, (4) should avoid concentrated exposure to temperature extremes.  (T. 336.)

The VE responded that a person with these limitations could not work as a data entry clerk or a post office clerk, but could perform Plaintiff's past work as a receptionist or do other sedentary jobs. (T. 337)  Plaintiff's representative then asked whether Plaintiff could perform the identified jobs if her fingering, handling and manipulation were limited to one-third of the work day. (T. 339)  The VE replied that those restrictions would eliminate the occupational base. (T. 339)

As noted above, a "frequently" occurring limitation is one that may occur one-third to two-thirds of the time.  Plaintiff's hypothetical assumed the "worse case" scenario with the limitation occurring two-thirds of the time leaving Plaintiff capable of fine motor manipulation only one-third of the time.  While Plaintiff's representative's hypothetical more closely encompassed the limitations placed on Plaintiff by Dr. Takach in Ex. 10F, which the ALJ concluded were well supported by substantial evidence, it is unclear whether Plaintiff could perform the identified jobs if she could perform fingering, handling and fine manipulation two-thirds of the day.

Because the ALJ failed to articulate a reason to discount Dr. Takach's opinion on fine motor limitations and accepted his findings as well supported by the medical evidence, the matter must be remanded so that the ALJ can reconsider Plaintiff's claim of disability at the fourth and fifth steps of the sequential analysis.  On further questioning, the ALJ must include all vocationally relevant limitations in any hypothetical that he formulates. The ALJ shall consider, using Dr. Takach's opinions and the opinions of Plaintiff's examining physicians, whether Plaintiff is able to perform her past relevant work or other work if her fine motor skills were limited to

9

one-third or to two-thirds of the day and, if necessary, seek clarification on this point from the medical review doctor.  The Court therefore **REVERSES** and **REMANDS** the decision of the Commissioner for further clarification and consideration.

### B. WHETHER THE ALJ ERRED IN FAILING TO CONSIDER ALL IMPAIRMENTS, SINGULARLY AND IN COMBINATION, INCLUDING THE NON-EXERTIONAL IMPAIRMENTS.

Plaintiff next argues that the ALJ erred in failing to consider all impairments, singularly and in combination, including the non-exertional impairments. On remand the ALJ is reminded that in assessing Plaintiff's claimed disability he must consider her proven impairments singularly and in combination.

### C. WHETHER THE APPEALS COUNCIL ERRED IN REFUSING TO CONSIDER NEW EVIDENCE SUBMITTED TO IT AND BY DENYING REVIEW FOR CONSIDERATION OF NEW AND MATERIAL EVIDENCE.

Plaintiff finally contends that the Appeals Council erred in refusing to consider new evidence submitted to it and by denying review for consideration of new and material evidence.  The Court need not address whether such evidence warrants reversal or remand under sentence six.  Because the matter is remanded for further consideration, the parties are granted leave to submit any additional evidence to the ALJ for consideration.

### IV.  Conclusion

The ALJ erred because he failed to formulate a sufficiently comprehensive hypothetical to the VE as it relates to Plaintiff's limitations on fine motor

manipulation. Consistent with the foregoing, the decision of the Commissioner denying disability insurance benefits is, therefore, **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the foregoing. The **CLERK** is **DIRECTED** to enter judgment in favor of the Plaintiff and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on this 29th day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:
Counsel of Record